674

Borough of Manhattan, City of New York, she felt her right heel catch in a hole therein; that she looked back after her fall and saw the hole with a slight film of snow that had covered it; that she had noticed the hole for about a year previously; and that there had been no change in its size during that period. Plaintiff's rough estimate of the size of the hole was four inches long, three inches wide and one and one-half inches deep. Defendant-appellant adduced evidence of measurements taken April 1, 1954, which showed the dimensions of the hole to be four inches long, two inches wide and one-quarter inch in depth. The uncontradicted proof is that it was snowing at the time of the occurrence and had been snowing since January 10, 1954. Defendant-appellant also adduced proof that more than three years after the accident the hole, which apparently never was repaired, was but one-half inch at its deepest point with a dirt base. A meteorologist testified on behalf of the defendant-appellant that snow at or about the time of the accident was 7½ inches deep in uncleared areas. Plaintiff testified that there was snow on all parts of the sidewalk but she walked toward the curb where there was less snow. Under the conditions obtaining on the day of the accident, it would appear that the slippery condition of the sidewalk, for which no liability attaches to the defendant-appellant on this record was the sole competent producing cause of plaintiff's injuries. Concur — Rabin, J. P., M. M. Frank and McNally, JJ.; Stevens and Bastow, JJ., dissent and vote to affirm in a dissenting memorandum by Stevens, J., as follows: I dissent and vote to affirm. Whether the defect in the sidewalk constituted negligence and, if so, was the plaintiff's fall and consequent injury proximately caused by such negligence, were questions for the jury. These issues were resolved in favor of the plaintiff. The verdict gains added weight in light of the charge requested by the defendant, and given by the court — " If you find the plaintiff fell only because of snow, your verdict must be in favor of the defendant." The verdict indicates that snow was excluded by the jury as the proximate or sole cause of the accident.

■ DANIEL E. CONWAY, as President of American Bakery and Confectionery Workers' International Union, AFL–CIO, et al., Respondents, v. JAMES G. CROSS et al., as Trustees of the Bakery and Confectionery Union and Industry National Welfare Fund, Appellants, et al., Defendant. (Appeal No. 1.) — Order unanimously affirmed, with $10 costs and disbursements to the respondents. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ DANIEL E. CONWAY, as President of American Bakery and Confectionery Workers' International Union, AFL–CIO, et al., Respondents, v. JAMES G. CROSS et al., as Trustees of the Bakery and Confectionery Union and Industry National Pension Fund, Appellants, et al., Defendant. (Appeal No. 2.) — Order unanimously affirmed, with $10 costs and disbursements to the respondents. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRISTOPHER ROMANO, Appellant.— Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Bergan, JJ.

■ In the Matter of GUISEPPE ROCCO, Petitioner, against NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Bergan, JJ.

■ LILLIAN FREIDENREICH et al., Respondents, v. HOTEL RIVERSIDE PLAZA, INC., Appellant.— Determination unanimously affirmed, with costs of the appeal to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Bergan, JJ.